■ HOWARD SYSTEMS INTERNATIONAL, INC., Appellant, v LYNN KIEPER et al., Respondents. [594 NYS2d 617] —Order of the Supreme Court, New York County (David B. Saxe, J.), entered December 31, 1991, which denied plaintiff's motion for a preliminary injunction enjoining defendants Kieper and Comtex Information Systems, Inc. from soliciting any of plaintiff's customers, unanimously affirmed, without costs.

Defendant Kieper was employed by plaintiff, a computer consulting firm, as an account manager until November 30, 1990. Pursuant to the employment agreement and a letter signed prior to leaving plaintiff's employ, Kieper agreed not to work for a competitor nor to solicit any of plaintiff's active clients for a two-year period following the termination of her employment. Kieper was subsequently retained by defendant Comtex Information Systems, Inc. as an account manager and, admittedly on their behalf, contacted clients of her previous employer. Plaintiff sought this preliminary injunction to prevent defendants from soliciting plaintiff's clients.

The application for a preliminary injunction is moot as

more than two years have elapsed since defendant Kieper left plaintiff's employ. Therefore, by the terms of the employment agreement and the subsequent letter agreement, there is no longer a basis for the preliminary injunction. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.